IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

GORDON GOINES,

        *Plaintiff*,

v.          Case No.: **5:14CV00065**

VALLEY COMMUNITY SERVICES BOARD,
DAVID SHAW, ROBERT DEAN, D.L. WILLIAMS,
JENNA RHODES, and JOHN DOES 1-10,

        *Defendants*.

**BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12 (b)(6) F.R.C.P.**

Comes now your Defendant, Robert Dean ("Dean"), by counsel, and in support of his Motion to Dismiss both claims in the Complaint pursuant to Rule 12 (b)(6), Federal Rules of Civil Procedure, on the grounds of failure to state a claim upon which relief can be granted and his entitlement to qualified immunity submits the following brief:

INTRODUCTION

In his 29 page Complaint, including two exhibits, Plaintiff Gordon Goines ("Goines") attempts to allege a violation of his Fourth and Fourteenth Amendment rights as a result of a seizure and detention he alleges against various named and unnamed police officers, including Waynesboro City Police Officer Robert Dean, claiming that his seizure and detention by Off. Dean on May 15, 2014, as set forth in his Complaint and the exhibits he attached to his Complaint for the purposes of securing a mental health examination, were not supported by probable cause thereby violating the Fourth and Fourteenth Amendments of the United States Constitution and resulting in false imprisonment under Virginia law.

LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows the Court to dismiss an action if the Complaint fails to state a claim upon which relief can be granted. *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). To survive a Motion to Dismiss, a Complaint must contain enough allegations of fact "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating "plausibility", the court may not rely on mere "labels and conclusions" or Plaintiff's "formulaic recitation" of elements of a particular cause of

action. *Id*. at 555. Instead, the factual allegations must be enough to raise "a right to relief above the speculative level". *Id*. Accordingly, "threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice". *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Instead, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged". *Id.*

While the Court must take the facts alleged in the Complaint in the light most favorable to the plaintiff in deciding a motion to dismiss pursuant to Rule 12(b)(6), Plaintiff's allegations of legal conclusions set forth in his Complaint are not accepted as true. *Edward v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). In this case, Goines' allegations in his Complaint that his seizure and detention on May 15, 2014 for the purposes of securing a mental health evaluation were not supported by probable cause is a legal conclusion which is not entitled to deference by the Court. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Indeed, the probable cause allegation may be disregarded by this Court for purposes of ruling on Dean's 12(b)(6) motion challenging the sufficiency of the Complaint and claiming entitlement, as a matter of law, to qualified immunity. *Raub v. Bowen*, 960 F.Supp.2d 602, 607 (E.D.Va. 2013). In tandem with Dean's 12 (b)(6) motions to dismiss for failure to state a claim, he also asserts entitlement to qualified immunity. Dean is entitled to raise the qualified immunity defense at the motion to dismiss stage. *Tobey v. Jones*, 706 F.3d 379, 393-394 (4th Cir. 2013).

In this case, Goines attached a 12 page VIRGINIA PREADMISSION SCREENING REPORT to his Complaint as Exhibit A. Pursuant to Rule 10(c), Federal Rules of Civil Procedure, a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes. In ruling on a Rule 12(b)(6) Motion to Dismiss, the Court considers exhibits attached to the Complaint in addition to the Complaint pursuant to Rule 10(c), Federal Rules of Civil Procedure. *Katyle v. Penn Nat'l Gaming, Inc.,* 637 F.3d 462, 466 (4th Cir. 2011). In the Fourth Circuit pursuant to *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991), the rule is that "In the event of conflict between the bare allegations of the Complaint and any exhibit attached to the Complaint, … the exhibit prevails". *Southern Walk at Broadlands Homeowners Association v. Openband at Broadlands*, 713 F.3d 175, 183 (4th Cir. 2013). This is such a case. The Assessment in Exhibit A attached by Plaintiff to his Complaint confirms probable cause for Gaines' seizure and detention and prevails. In the case of a variance between an exhibit and the pleading, the exhibit

controls. 2 Moore's Federal Practice 3d §10.05(5). In deciding a motion to dismiss, while this Court accepts as true all well pled factual allegations and draws inferences in favor of the plaintiff, the Court is not obliged to ignore any facts set forth in exhibits attached to a Complaint under Rule 10(c), F.R.C.P., that undermine the plaintiff's claim. *R.J.R. Services, Inc. v. Aetna Casualty Surety Co.*, 895 F.2d 279, 281 (7th Cir. 1989). Indeed, as appropriate in this case, the Seventh Circuit noted in *Hamilton v. O'Leary*, 976 F.3d 341, 343 (7th Cir. 1992), "If the appended document, to be treated as part of the Complaint for all purposes under Rule 10(c), F.R.C.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate" citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. (1974). Exhibit A to the Complaint (a redacted copy of which is attached hereto as Exhibit A, in accordance with Rule 5.2, F.R.C.P.) is such a document and requires dismissal of both of Goines' claims since it demonstrates probable cause for any seizure of Goines by Off. Dean on May 15, 2014 and the facial insufficiency of the Complaint to state a plausible Fourth Amendment or Fourteenth Amendment violation.

Additionally, in ruling on a motion to dismiss, the Court may consider, without converting a motion to dismiss into a motion for summary judgment, an authentic document attached to a motion to dismiss so long as it is integral to the Complaint, especially when it is quoted from extensively in the Complaint, as Goines does in this case. *Garner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D.Va. 1995); *Secretary of State for Defence v. Trimble Navigation, Ltd*., 484 F.3d 700, 705 (4th Cir. 2007). *Teagardner v. Republic Franklin, Inc. Pension Plan,* 909 F.2d 947, 949 (6th Cir. 1990). Goines refers and quotes extensively from a number of paragraphs of a May 15, 2014 Police Report/Incident Report regarding May 15, 2014 in his Complaint. He does not attach a copy of the Incident Report to the Complaint. A redacted copy, pursuant to Rule 5:2, F.R.C.P., of the Incident Report is attached as Exhibit C to this brief. In this case, Goines quotes, throughout his Complaint, selective portions of the Police Report/Incident Report and does not allege that the Incident Report is falsified or not authentic. Goines cannot avoid the consequences of an entire document, as he attempts to do, by quoting from it selectively in his Complaint and not attaching the document as an exhibit. *I. Meyer Pincus v. Oppenheimer Co.,* 936 F.2d 759, 762 (2nd Cir. 1991).

Dean further submits that in view of the Assessment contained in Exhibit A (Doc #1-1 p. 2, page id #18) which Goines attached to his Complaint, his actions were lawful and reasonable; and, therefore, as a matter of law, he is entitled to qualified immunity. Under the doctrine of qualified

immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*. 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). 2 Moore's Federal Practice 3d §10.05(5) n. 22.

Qualified immunity provides immunity from suit rather than a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815 (1985). Thus, it should be resolved at the earliest possible stage of litigation, including the pleading stage. *Anderson v. Creighton*, 483 U.S. 635, 646, 107 S.Ct. 3034, 3042, fn. 6 (1987). Indeed, a district court must strongly consider granting a 12(b)(6) motion on the basis of qualified immunity, otherwise "it risks the forfeiture of some of the protections afforded by the defense because the immunity includes 'an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question'". *Sigman v. Town of Chapel Hill*, 161 F.3d 782, 786 (4th Cir. 1998).

Qualified immunity provides a safe harbor from tort damages for government officials performing objectively reasonable actions in furtherance of their duties. *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998). For policy reasons, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096 (1986). Consequently, government officials forfeit this defense only when a reasonable official would have known that an action violated clearly established statutory or constitutional rights. *Harlow v. Fitzgerald*. 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). The safe harbor of qualified immunity ensures that officers will not be liable for bad guesses in gray areas, but only for transgressing bright lines. *Maciariello v. Sumner,* 973 F.2d 295, 298 (4th Cir. 1992).

The Supreme Court has outlined a two-pronged test that governs qualified immunity. Under the first prong, the court considers whether the facts, viewed in the light most favorable to the plaintiff, make out a violation of a constitutional right. If he does, the second prong considers whether the constitutional right in question was "clearly established" at the time of the alleged violation. *Pearson v. Callahan,* 555 U.S. 223. 129 S.Ct. 808, 815-816 (2009). It is within the Court's discretion to determine which prong of the test to address first. *Hunsberger v. Wood,* 570 F. 3d 546, 552 (4th Cir. 2009).

In the context of evaluating claimed violations of the Fourth and Fourteenth Amendments in the context of seizure for psychological evaluations, Judge Hudson recently reaffirmed in *Raub v.*

*Bowen*, 960 F.Supp.2d 602 (E.D.Va. 2013) that, "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines". *S.P. v. City of Tacoma Park,* 134 F.3d 260, 266 (4th Cir. 1998). He noted that the Fourth Circuit has lamented that there exists a "lack of clarity in the law governing seizures for psychological evaluations" – or at least such clarity was lacking when *Tacoma Park* was decided in 1998. Nevertheless, there are some clearly established standards to guide a reasonable police officer who detains a person for mental evaluation. At a minimum, a police officer traverses a "bright line" when executing a mental health seizure without "probable cause to believe that the individual poses a danger to himself or others". *Raub* at 609.

In *Raub*, in which the plaintiff did not attach the prescreening assessment to his complaint (which the court noted might well be dispositive) as an exhibit, Judge Hudson noted that, "Generally, where police officers' observations or independent knowledge confirm the potentially dangerous nature of the situation, qualified immunity applies". *Raub* at 612. In *Cloaninger v. McDevitt*, 555 F.3d 324 (4th Cir. 2011), the Fourth Circuit summarized the distinction between cases in which a police officer was entitled to qualified immunity and those in which he was not when performing a seizure and detention for psychological purposes, explaining that, "We believe officers have probable cause to seize a person for a psychological evaluation when 'the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man' to believe that the person poses a danger to himself or others". *Cloaninger* at 334. Exhibit A to the Complaint confirms that Off. Dean had probable cause on May 15, 2014 to seize and detain Goines. The Assessment in Exhibit A to the Complaint supports probable cause for any seizure on May 15, 2014. It is consistent with the redacted Incident Report, quoted from by Goines in his Complaint, which is attached as Exhibit C to this brief.

The applicable Virginia statute is consistent with the Fourth Circuit's holding in *Cloaninger* and supports Off. Dean's actions. Pursuant to §37.2-808(G), Va. Code. Ann. (1950), as amended, "A law-enforcement officer who, based upon his observations or the reliable reports of others, has probable cause to believe that a person meets the criteria for emergency custody as stated in this section may take that person into custody and transport that person to an appropriate location to assess the need for hospitalization or treatment without prior authorization". The criteria for emergency custody are stated in Subsection A of §37.2-808, Va. Code. Ann. (1950), as amended, which provides, in pertinent part, that "there is probable cause to believe that any person (i) has a mental illness and

5

there exists a substantial likelihood that, as a result of mental illness, the person will, in the near future, (a) cause serious physical harm to … others as evidenced by recent behavior … threatening harm and other relevant information, if any, … (ii) is in need of hospitalization or treatment, and (iii) is unwilling to volunteer or incapable of volunteering for hospitalization or treatment". Exhibit A, including the detailed Assessment therein, to the Complaint, a redacted copy of which is attached as an exhibit hereto, confirms Off. Dean's probable cause.

Dean submits that based on Exhibit A attached to Plaintiff's Complaint, Goines Complaint, as a matter of law, fails to state a claim of a Fourth or Fourteenth Amendment constitutional violation. Therefore, under the first prong of the qualified immunity analysis, he is entitled to dismissal as a matter of law at this stage on the basis of qualified immunity since based on the assessment and other information in Exhibit A, any detention and seizure of Goines were reasonable and supported by probable cause.

## FACTS AND ARGUMENT

In his Complaint, Gordon Goines alleges, in conclusory fashion, that he was seized and detained on May 15, 2014 without probable cause (¶¶1, 42) in violation of the 4th and 14th Amendments. Goines attached to his Complaint as Exhibit A (Doc #1 p. 17-28) a 12 page Virginia Preadmission Screening Report. A redacted (in accordance with Rule 5.2, F.R.C.P. & W.D.Gen.R. 8) copy of Goines' Exhibit A(as previously noted) is attached to this brief in support of Defendant's motions to dismiss. As previously noted in this brief, the VIRGINIA PREADMISSION SCREENING REPORT, Exhibit A to Goines' Complaint, is appropriately considered by this Court in ruling on the Motion to Dismiss; and as to any inconsistencies which exist between the attachment and allegations pled, the exhibit controls. Additionally, where as here the Assessment reveals a "built in" defense that bars recovery as a matter of law, i.e. facts confirming probable cause by Defendant at the time of the seizure/detention; the Court should grant the Motion to Dismiss. In Exhibit A, the Virginia Preadmission Screening Report dated May 15, 2014 reveals that Goines was being evaluated at Augusta Emergency Health Department after being placed under an Officer Initiated Emergency Custody Order (OIECO) (pursuant to §37.2-808(G), Va. Code. Ann. (1950), as amended) by Off. Dean at 5:13 P.M. on May 15, 2014 after arriving at the hospital parking lot. The Assessment notes that Goines went to the Waynesboro Police Department earlier on May 15, 2014 complaining about his neighbors controlling his television. He made threats to Offs. Dean and Shaw that he was going

to assault his neighbors "with my hands" and then, later, referenced "taking care of it myself" with his Smith & Wesson firearm to Off. Dean.

In ¶26 of his Complaint, Goines quotes from the Incident Report (attached as Exhibit C) prepared by Off. Shaw and does not dispute that he told the officers, "There was a clicking noise in the wall because someone outside was controlling his TV". The Complaint further alleges (¶27) that neither Shaw nor Dean heard the noise. Consistent with the Incident Report, the Assessment section of the report attached as part of Exhibit A, reports that the officers did not hear the "clicking in the wall" reported to them by Goines while they were in his apartment. The Prescreening Report reports the claim by Goines of clicking in the walls with Offs. Dean and Shaw present, not heard by the officers, and finds that Goines was experiencing auditory hallucinations. The Assessment, attached by Goines to his Complaint as Exhibit A, concludes with a recitation of a statement by Goines on May 15, 2014 to the evaluator that when he "was on the topic of his television and neighbors, (Goines) perseverates on this topic, insisting that his neighbors are controlling his television. (Goines) reports he went as far as selling another television 'because it wouldn't stop'. (Goines) maintains that his only mistake today was going to the WPD and informing them of the situation." Consistent with the earlier statements in the Assessment contained in Exhibit A concerning what Goines had told Waynesboro Police Officers Dean and Shaw, Goines confirmed to the evaluator "that if he is released, he will return home and assault his neighbors 'because I'm just tired of it'". (Doc #1-1 p. 18, Ex. A Assessment p.2)

In addition to the Virginia Preadmission Screening Report, attached to the Complaint as Exhibit A, Goines attached the Temporary Detention Order issued by Magistrate V. L. Hailey at 8:41 P.M. on May 15, 2014 to his Complaint as Exhibit B. Exhibit B ordered the Waynesboro Police Department to take Goines into custody and transport him for evaluation. The Temporary Detention Order includes a finding of probable cause, pursuant to §37.2-809, Va. Code. Ann. (1950), as amended, that Goines has a mental illness and, as a result of the illness, in the near future, there is probable cause to believe he would cause serious physical harm to others as evidenced by his vocalized threats. Exhibit B reflects that Defendant Waynesboro Police Department Off. D.L. Williams, as ordered by the Magistrate Judge in Exhibit B at 8:41 P.M. on May 15, 2014, executed the Magistrate's Order by delivering a copy to Goines six minutes later at 8:47 P.M. on May 15, 2014 and that four minutes later, at 8:51 P.M., as ordered by Exhibit B, Off. Williams simply delivered

Goines to the designated facility for evaluation.

As previously noted, in Goines' Complaint, he incorporates by reference and relies upon a Waynesboro Police Department "Police Report" in ¶9 and quotes extensively from selective portions of the Police Report/Incident Report in ¶¶24, 25, 26, 29, and 30 of his Complaint in support of his allegations in his Complaint.  While Goines alleges in his Complaint that he did not actually threaten to harm any specific person or himself, he does not challenge the authenticity of the Police Report/Incident Report nor does he allege that the Incident Report is fabricated.  He simply omits the portions of the Incident Report which he knows establish probable cause.  A redacted copy of the Incident Report, cited and relied on repeatedly by Goines in his Complaint, is (as previously stated) attached as Exhibit C to this brief.

In ¶24 of the Complaint, Goines alleges that Waynesboro Police Department Off. Feazell advised Defendants Shaw and Dean that Goines "seemed to have some health issues going on over an issue with a television" (see first paragraph of Ex. C).  In ¶25 of the Complaint, Goines admits that he consented to Defendants Shaw and Dean going over to his apartment so that he could show them what was going on (see paragraph two of Ex. C).  In ¶26 of the Complaint, Goines alleges that Off. Shaw reported in the Incident Report (a fact which Goines does not deny in his Complaint that he told Offs. Shaw and Dean) that, "There was a clicking noise in the wall because someone outside was controlling his TV" (see paragraph four of Ex. C).  Consistent with paragraph seven of Ex. C, Goines then alleges in ¶27 of the Complaint that Offs. Shaw and Dean did not hear the noise reported by Goines.  In ¶30 of the Complaint, Goines alleges a portion of paragraph ten of Exhibit C.  He omits the fact that while he initially agreed to go with Off. Dean voluntarily, as revealed in paragraph eleven of Exhibit C, (a fact confirmed in the Assessment attached and incorporated by Goines into the Complaint as Exhibit A) on the way to the hospital, Goines changed his mind and was no longer willing to voluntarily go to the hospital.  Consistent with statements in the Assessment attached by Goines as Exhibit A to the Complaint, the Incident Report reflects that Goines then told Off. Dean at the hospital that he would handle the problem with a Smith & Wesson he had in his apartment.  At that point, as reflected on page 1 in Ex. A to the Complaint, Off. Dean initiated an OIECO pursuant to §37.2-808(G), Va. Code. Ann. (1950), as amended, at 5:13 P.M.

Off. Dean submits that Exhibit A, the Virginia Preadmission Screening Report, including an Assessment at p. 2 of the report, demonstrates that probable cause existed for Off. Dean to seize and

detain Goines on May 15, 2014 pursuant to §37.2-808(G), (A), Va. Code. Ann. (1950), as amended, and under *Cloaninger v. McDevitt*, 555 F.3d 324 (4th Cir. 2011). Goines' Complaint fails to sate a claim for relief since no plausible claim of any Fourth Amendment or Fourteenth Amendment violation is alleged in the Complaint, including its exhibits, and Off. Dean is entitled to qualified immunity since no constitutional violation is plausibly alleged. Additionally, since Exhibit A established that any seizure or detention of Goines by Off. Dean was lawful and supported by probable cause, no supplemental state law false imprisonment claim is plausibly alleged.

In any alternative, Off. Dean requests that the Court decline to exercise jurisdiction over the supplemental state law claim of false imprisonment upon dismissal of the Fourth and Fourteenth Amendment §1983 jurisdictionally based claim.

WHEREFORE, for the foregoing reasons, Defendant Robert Dean, by counsel, respectfully requests that this Court grant his Motion to Dismiss, dismiss the Complaint filed against him with prejudice, and award him his costs and attorney's fees in this matter expended.

                                        ROBERT DEAN,
                                        By Counsel

s/Richard H. Milnor
Richard H. Milnor, Esquire (VSB #14177)
Zunka, Milnor & Carter, Ltd.
414 Park Street, P O Box 1567
Charlottesville VA 22902
Phone: 434-977-0191
Fax:    434-977-0198
rmilnor@zmc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of January, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Timothy Coffield, Esquire
    5374 Gordonsville Road
    Keswick VA 22947
    tc@coffieldlaw.com

                                        s/Richard H. Milnor
                                        Richard H. Milnor